The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN E. HERNANDEZ-HERNANDEZ AND ALEJANDRO MACIAS-VELAZQUEZ,<br><br>Defendants. | NO. 2:22-cr-00101-JHC<br><br>PROTECTIVE ORDER |

This matter, having come to the Court's attention on the Stipulated Motion for Protective Order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected Material.** The material that is described in the Stipulated Motion is deemed "Protected Material."

2. **Production of Protected Material to the Defense.** The United States will make available copies of the Protected Material to defense counsels to comply with the government's discovery obligations. Possession of the Protected Materials is limited to defense counsels, as well as their investigators, paralegals, assistants, law clerks, and experts (collectively, the "members of the defense team"). The members of the defense

STIPULATED PROTECTIVE ORDER- 1
*United States v. Hernandez et al.*, 2:22-cr-00101-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

team may not provide copies of the Protected Material to other persons, including the Defendants themselves. In addition, before providing any Protected Material to the members of the defense team, defense counsels are required to provide a copy of this Protective Order to the members of the defense team and obtain written consent by the members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

3. **Review of Protected Material by Defendants.** The members of each Defendant's defense team may share and review the Protected Material with their respective Defendant. The Defendants, who are currently held at the Federal Detention Center (FDC), will be permitted to review the Protected Material, consistent with the regulations established by the Bureau of Prisons, with or without their respective counsel in a controlled environment at the FDC, but will be prohibited from printing out, copying, or disseminating the discovery. If the Defendants are released at any time before trial, they will be permitted to review the Protected Material at the offices of their counsel, but will be prohibited from printing out, copying, or disseminating the discovery.

4. **Limits on Dissemination of Protected Materials.** The members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense as necessary to comply with the government's discovery obligations.

STIPULATED PROTECTIVE ORDER- 2
*United States v. Hernandez et al.*, 2:22-cr-00101-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Future Production of Additional Protected Materials.**  Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

6. **No Waiver.**  Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any material as Protected Material shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

7. **No Ruling on Timing of Production.**  This Protective Order does not require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

8. **No Ruling on Discoverability or Admissibility.**  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

9. **Use of Protected Material in Court.**  Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

10. **Violation of Order.**  Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11. **Modification of Order.**  Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance

STIPULATED PROTECTIVE ORDER- 3
*United States v. Hernandez et al.*, 2:22-cr-00101-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with this Order makes it difficult for defense counsels to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on defense counsels, they shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsels shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

12. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all attorneys of record.

DATED this 11th day of August, 2022.

_____
THE HONORABLE JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Yunah Chung*
YUNAH CHUNG
Assistant United States Attorney

STIPULATED PROTECTIVE ORDER- 4
*United States v. Hernandez et al.*, 2:22-cr-00101-JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970